UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE ESTATE OF CHAD SINGER, BY AND THROUGH PHILLIP SINGER, AND PHILLIP SINGER, ) ) ) ) | |
| Plaintiffs, ) ) | |
| VS. ) ) | Civil Action No.  SA-16-CA-148-XR |
| NAVISTAR INTERNATIONAL CORP., AAA DISCOUNT MOVERS, and CHRIS SALINAS, ) ) ) ) | |
| Defendants. ) | |

**REMAND ORDER**

Defendant Navistar International Corporation removed this action, asserting that diversity jurisdiction exists.  Plaintiff Phillip Singer is a Texas citizen, and Defendants Chris Salinas and AAA Discount Movers are Texas citizens.  Navistar asserts that because Texas Defendants Chris Salinas and AAA Discount Movers are improperly joined, their presence does not destroy diversity jurisdiction.  Plaintiff has not filed a motion to remand.  However, this Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir.1988).  However, improperly joined defendants will be dismissed upon removal and will not affect the Court's jurisdiction.  There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts; and (2) the inability of the plaintiff to establish a cause of action against the non-diverse party.  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *McDonal v. Abbott Labs*., 408 F.3d 177, 183 (5th Cir. 2005).  Actual fraud is not at issue in this case; therefore, the Court must determine whether Plaintiff can establish a cause of action against the non-diverse defendants.

The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal. *McDonal*, 408 F.3d at 183. To meet it, a defendant must show that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F .3d 568, 573 (5th Cir. 2004) (en banc). In considering whether the plaintiff may recover, the Court need not determine whether the plaintiff will actually, or even probably, prevail on the merits, but looks only for a possibility that he may do so. *Guillory*, 434 F.3d at 308-09. The Court also evaluates the factual allegations in the light most favorable to the plaintiff and resolves all ambiguities in controlling state law in the plaintiff's favor. *Id*. at 308; *see Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). And we ultimately resolve "any doubt about the propriety of removal ... in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Plaintiff's Original Petition sues Navistar, AAA Discount Movers, and Chris Salinas under the Texas Wrongful Death Act and Survival Statutes, alleging that Chad Singer died as a result of an accident involving a defective 2001 International 4000 truck, described as "a large box truck used by a moving company." The Petition alleges that the truck was purchased from a used vehicle dealer on or about August 9, 2007 by Chris Salinas and was and is registered to Salinas. Decedent Chad Singer was driving the truck at the time of the accident as part of his employment with AAA Movers. The Petition alleges that the truck veered to the right and hit a concrete support pillar and that "due to defects in the truck, the vehicle burst into flames upon impact." Singer was unable to escape the truck and was pronounced dead at the scene.

Count One of the Petition alleges a claim for strict liability based on design defect (fuel system) against Navistar as designer and manufacturer of the truck. Count Two alleges a claim against Navistar, AAA Movers, and Salinas for strict liability for failure to warn, alleging that Defendants failed to provide adequate warnings of the substantial dangers of the fuel system defects, concealed the known fuel system defects, and failed to adequately and fully fix the fuel system defects with an early and effective recall or a with a safe alternative design "well in advance of the purchase of the truck and the accident." Count Three asserts a negligence claim against Navistar, AAA Movers, and Chris Salinas and alleges that "Defendants directly, or indirectly, negligently designed, tested, inspected, labeled, packaged, distributed, promoted, marketed, advertised, or sold,

into the stream of commerce the Truck, which Defendants knew or should have known, in the exercise of ordinary care, was highly harmful to Decedent Chris Singer's health and well-being." Count Three also alleges the following acts of negligence by "Defendants": (1) Failing to use due care in the design, testing, inspection, marketing, advertising, maintenance, sale and/or distribution of the truck; (2) Failing to keep themselves appraised and knowledgeable of any and all potential safety issues associated with the 2001 International 4000, the predecessor International 4000 models, all predecessor International vehicles, and all substantially similar vehicles; (3) Failing to request and/or obtain pertinent information from Navistar regarding any safety-related issues associated with the 2001 International 4000, the predecessor International 4000 models, all predecessor International vehicles, and all substantially similar vehicles; (4) Failing to provide adequate and proper warnings to the public and consumers and other foreseeable users such as Chris Singer of the truck's unreasonably high propensity to be involved in fuel fed fire incidents when used in the manner for which it was intended; (5) Failing to notify the public and consumers and foreseeable users such as Chris Singer of reported International 4000 fuel fed fire incidents and thus materially misrepresenting and/or omitting information regarding the safety of the truck; and (6) "otherwise being careless and negligent."

Navistar contends that "the Texas Defendants have been fraudulently joined because it is clear from the face of the Petition that Plaintiffs have asserted no facts supporting a cause of action against them upon which relief could be granted. Further, there is no arguably reasonable basis for predicting that state law might impose liability on the Texas Defendants under the facts alleged." Navistar asserts that Plaintiff's negligence claim is "based on a product liability theory" and that the Texas Defendants "owed no duty to Plaintiffs relating to the design, manufacture, or marketing of the product," negating an essential element of the product liability claim. However, product liability is not the only negligence theory alleged in the Petition. The Petition alleges that the Texas Defendants failed to use due care in maintenance of the truck (¶ 66a), failed to keep appraised and knowledgeable of any and all potential safety issues associated with the truck (¶ 66b), failed to request or obtain pertinent safety information from Navistar (¶ 66c), failed to warn Singer of the truck's unreasonably high propensity to be involved in fuel fed fire incidents (¶ 66d), and were "otherwise" negligent (¶ 66f). As his employer, AAA Movers owed Singer certain duties, including

a duty to use ordinary care in providing a safe workplace and warning of hazards of employment. *Kroger v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). The Court is unable to conclude that there is no reasonable basis to predict that Plaintiff might be able to recover against AAA Movers or Salinas. The Court finds that Defendant Navistar has failed to establish that the Texas Defendants were improperly joined.

Accordingly, the Court finds that it lacks subject matter jurisdiction over this removed case and REMANDS the case to state court pursuant to 28 U.S.C. §§ 1447 (c), (d).

It is so ORDERED.

SIGNED this 15th day of March, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE